

**Dykema Gossett PLLC**
Weston Centre
112 E. Pecan Street, Suite 1800
San Antonio, TX 78205
WWW.DYKEMA.COM

Tel:  (210) 554-5500
Fax: (210) 226-8395

**McKenna R. Crisp**
Direct Dial: (210) 554-5236
Direct Fax: (866) 894-9793
Email: MCrisp@dykema.com

April 27, 2023

Judge George C. Hanks, Jr.
Honorable United States District Court Judge
Southern District of Texas Houston Division
United States Courthouse
515 Rusk Street
Room 6202
Houston, Texas 77002

*Re: Robert Kline v. Wilmington Savings Fund Society, FSB (not in its individual capacity) but solely as owner trustee for Cascade Funding Mortgage HB5, Civil Action No. 4:23-cv-01474*

Pursuant to Court Procedures 6B, Defendant Wilmington Savings Fund Society, FSB, (Not In its Individual Capacity) But Solely as Owner Trustee for Cascade Funding Mortgage HB5 ("Wilmington"), requests a pre-motion conference for its anticipated *12(b)(6) Motion to Dismiss Plaintiff's Original Petition*, ECF No. 1-3. Plaintiff raises claims for trespass to try title, quiet title, and a request for declaratory judgment concerning an alleged 25% ownership interest in real property located at 9223 Benning Drive, Houston, Texas 77031 (the "Property"). Defendant's counsel conferred with counsel for Plaintiff via phone on April 27, 2023. Plaintiff's counsel indicated they are opposed to the relief requested by Defendant.

## PLAINTIFF'S CLAIMS IN THE PETITION

Plaintiff alleges the following causes of action in his Petition: (1) Trespass to try title, (2) Suit to quiet title, and (3) Declaratory Judgment. *See* ECF No. 1-3, at ¶¶ 21-27. Plaintiff's factual allegations are: (1) His mother, Mae Johnston, died intestate October 24, 1998, leaving Plaintiff and his sister, Sara Kline Schwartz as heirs of her estate, including an interest in the Property; (2) Plaintiff has cerebral palsy; (3) On October 27, 1999, Plaintiff and his sister conveyed their interest in the Property by cash warranty deed to Edward Johnston, Plaintiff's stepfather; (4) Edward Johnston encumbered the Property with a reverse mortgage dated March 28, 2005, defaulted, and the Property was sold at foreclosure on January 4, 2022; and (5) Wilmington, the buyer, filed an eviction suit against Edward Johnston and all occupants that Plaintiff, an occupant, appealed to the Harris County Civil Court at Law Number 1. *See* ECF No. 1-3, at ¶¶ 9-20.

## BASIS FOR THE MOTION

Plaintiff fails to state a claim for relief that is plausible on its face because he had capacity to execute a cash warranty deed in 1999, conveying his interest in the Property to his stepfather, Edward L. Johnston (now deceased) prior to foreclosure sale in January 2022. *See* ECF No. 1-3, at ¶¶ 6-13. Plaintiff's sole factual

**Dykema**

Judge George C. Hanks, Jr.
April 27, 2023
Page 2

basis for his claims against Wilmington rests on the allegation that "he did not execute the cash warranty deed and if he did he had no intent to convey his 25% interest in the subject property to his stepfather, Edward Johnston." ECF No. 1-3, at ¶ 12. Plaintiff fails to provide any reason why he did not execute the cash warranty deed. Instead, he provides a possible explanation for why he may not have intended to execute the cash warranty deed: Plaintiff claims he has cerebral palsy, and "[i]it is unclear as to Plaintiff's mental capabilities to conduct business." ECF No. 1-3, at ¶ 10.

Plaintiff's claim should have been raised against his stepfather, or Marilyn Gordon, the owner of the Property following Edward Johnston's passing in 2020. *See* Quit Claim Deed, as recorded in Harris County, Texas RP-2020-67842. Whatever interest Edward Johnston had he conveyed to Marilyn Gordon on December 4, 2019 through a quit claim deed. *See id.* Thus, because Edward Johnston or Marilyn Gordon allegedly received defective title from Plaintiff, Plaintiff's claims should have been raised against them— not Wilmington. Regardless, Plaintiff's quiet title claim and his declaratory judgment claim that the cash warranty deed is voidable are barred by the statute of limitations.

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1.      **Plaintiff Fails to Plead Plausible Claims for Relief.**

To the extent Plaintiff is claiming the deed is void due to a forgery or some other kind of defect that would render the deed void and survive a limitations defense, Plaintiff fails to allege any facts to support such a claim. *See* ECF No. 1-3, at ¶¶ 16-20 (referencing an underlying eviction suit in which Plaintiff alleges the cash warranty deed is void due to a forgery); *see also Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Cascade Funding Mortgage Trust HB5 v. Edward Johnston and All Occupants of 9223 Benning Drive Houston, Texas 77031*, Case No. 1187896 (Harris Co. Ct. at Law No. 1 July 08, 2022). "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Plaintiff's claims fail the plausibility standard, and should be dismissed for failure to state a claim.

Further, with regard to Plaintiff's quiet title claim, Plaintiff failed to allege his claim against the party whose interest was adverse to his prior to the foreclosure sale: Edward Johnston. His claims against Wilmington should be dismissed because Wilmington was not a party to the allegedly void or voidable deed. *See* ECF No. 1-3, at ¶ 11. And, any interest Edward Johnston or Marilyn Gordon had prior to the foreclosure was extinguished by the sale. *See Legall-Johnston v. JPMorgan Chase Bank N.A.*, Civil Action No. H-22-1560, 2022 U.S. Dist. LEXIS 125457, at *5 (S.D. Tex. July 15, 2022). Thus, Plaintiff fails to state a claim that is plausible on its face.

Finally, Plaintiff failed to allege tender of the amount due on the mortgage loan in his Petition. In Texas, this is a necessary pleading requirement, and failure to do so renders dismissal appropriate. *See, e.g.*, *Campo v. Bank of Am., N.A.*, Civil Action No. H-15-1091, 2016 U.S. Dist. LEXIS, at *14 (S.D. Tex. Mar. 24, 2016), aff'd 678 F. App'x 227 (5th Cir. 2017). Thus, Plaintiff's claim for quiet title should be dismissed.

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C. | Wisconsin

**Dykema**

Judge George C. Hanks, Jr.
April 27, 2023
Page 3

2.      **Plaintiff's Claims are Barred by the Statute of Limitations.**

Plaintiff's quiet title claim and related declaratory judgment claim that the cash warranty deed is voidable are barred by the statute of limitations. *See* ECF No. 1-3, at ¶¶ 23-27. When a plaintiff claims a deed is voidable, as opposed to void, the statute of limitations is four years. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007). Further, a declaratory judgment claim is not a standalone cause of action; thus because Plaintiff's quiet title claim fails, his related declaratory judgment claim also fails. *See, e.g.*, *Eason v. Ocwen Loan Servicing, LLC*, Civil Action No. 4:19-cv-2990, 2020 U.S. Dist. LEXIS 226943, at *13 (S.D. Tex. Dec. 3, 2020). The cash warranty deed at issue in Plaintiff's Original Petition was executed in 1999, **over twenty (20) years ago**. *See* ECF No. 1-3, at ¶ 11. Therefore, Plaintiff's declaratory judgment claim that the deed is voidable and substantive quiet title claim should be dismissed.

Defendant Wilmington respectfully requests that this Court permit a pre-motion conference, or allow Defendant to file a Motion to Dismiss for failure to state a claim without a conference.

Respectfully,

**Dykema Gossett PLLC**

McKenna R. Crisp

**Adam Nunnallee**
State Bar No. 2405743
SD 1287826
anunnallee@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
Telephone: (214) 462-6453
Facsimile: (855) 256-1482

-and-

**McKenna R. Crisp**
State Bar No. 24115255
SD 3768723
mcrisp@dykema.com
Weston Centre
112 E. Pecan Street, Suite 1800
San Antonio, Texas 75205
Telephone: (210) 554-5500
Facsimile: (866) 894-9793

California | Illinois | Michigan | Minnesota | Texas | Washington, D.C. | Wisconsin